By the Court.—Sedgwick, Ch. J.
—I am of opinion that it was within the power of the court below to grant ■the motion, because the matters to which the account set up in the answer pertained, were directly involved in the defense and counter-claim, and were not collateral to the issue or details of evidence only ; and that it was within the discretion of the court to deny the motion, if the stipulation offered by plaintiff would render an accounting before a jury unnecessary. There seems to me to be no doubt, that if the evidence the defendant might produce to show that the plaintiff gave authority to her husband to give' orders, etc., to the defendants for her, would be applicable to the matters of account in solido, there should be no reference. Further, there should be no reference, if the defense be upon an account stated, but no decision as to this is made, one way or the other..
. The defense claims, however, that on the trial, the defendants may be, able to show that plaintiff’s husband was her agent as to some matters in account, but not as to others, and that the stipulation will not cover the case of *375 the jury being obliged to take the whole account, and to make up a new account that excludes those particulars as to which sufficient proof of agency was not given. As to this, perhaps it might be right to think that the defendant should not affect the action of the court-upon a possibility, as suggested by them, of a partial failure of proof on. their part. But beyond this, while the application of the stipulation may be what it is argued to be by the defendants, yet, on the facts of this case, as shown by its intrinsic nature and the affidavits read, it is not probable that the defendants will, in fact, meet on the trial the danger they fear. To entirely prevent an unforeseen contingency happening, which it may be too late to remedy, a modification of the order should be made, by properly inserting “without prejudice to the court upon the trial directing a-reference on motion of defendants, if a reference then appears to be necessary or proper.” The order made below does not state that it was made because the court had no power to order a reference. The defendants should, therefore, pay the costs of this appeal.
Order modified as directed, and affirmed as modified, with $10 costs.
Freedman, J., concurred.